IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JOHN GIOVENCO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:15-cv-00926-JPG-DGW |
| v. | ) |
| | ) |
| HILTON WORLDWIDE HOLDINGS, INC., | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Hilton Worldwide Holdings, Inc., improperly named as the Defendant herein ("Defendant"), by and through its undersigned counsel, hereby submits the following Memorandum of Law in support of its Motion to Dismiss.

### I. INTRODUCTION

John Giovenco ("Plaintiff") is claiming an entitlement to benefits under the Retirement Benefit Replacement Plan (the "Replacement Plan") and Supplemental Executive Retirement Plan ("SERP"), referred to collectively as "the Plans."[1] Plaintiff is attempting to frame his cause of action under state law, but the Replacement Plan and the SERP are both pension plans, which are subject to the enforcement provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et. seq.* As such, Plaintiff's state law claims are preempted by ERISA.

---

[1] A copy of the Replacement Plan is attached hereto as Exhibit 1, and a copy of the SERP is attached as Exhibit 2.

ADMIN/21380536v2

Pursuant to ERISA, Plaintiff is required to exhaust his administrative remedies before he files suit. Plaintiff has failed to exhaust his administrative remedies, and his Complaint must be dismissed. Moreover, Plaintiff's Complaint should also be dismissed because the plans themselves are the only proper defendant. Even if it were proper to sue the plans' sponsor, which it is not, the Plan documents for the Replacement Plan and the SERP reference "Hilton Hotels Corporation," not "Hilton Worldwide Holdings, Inc.," which is the entity that Plaintiff has named as the sole defendant in this lawsuit. The Complaint does not contain sufficient factual allegations to connect Hilton Worldwide Holdings, Inc. to the Replacement Plan or the SERP.

## II. FACTS

From January 1, 1972 to January 1, 1974, Plaintiff was Vice President of Hilton Hotel Corporation and treasurer of Hilton's Gaming Division.[2] (Compl., ¶ 6.) Until his retirement in 1993, Plaintiff held a number of executive positions at Hilton, including serving as President of the Gaming Division. (*Id.*, ¶¶ 7-9.) When Plaintiff retired in 1993, he was a participant in the Replacement Plan and the SERP. (*Id.*, ¶¶ 10-11.) The Replacement Plan, attached hereto as Exhibit 1, provides additional retirement benefits beyond what would be provided under just the tax-qualified Hilton Hotels Retirement Plan (the "Retirement Plan"). For example, the Replacement Plan calculates benefits by including compensation that was voluntarily deferred under the Hilton Deferred Compensation Plan, as well as compensation that could not be included in the Retirement Plan calculation pursuant to Codes Section 401(a)(17). (Ex. 1, Sec. 1.1; Sec. 2.2.) The

---

[2] Although accepted as true for the purposes of this Motion to Dismiss, Defendant reserves the right to challenge Plaintiff's factual allegations, should the Complaint survive Defendant's Motion to Dismiss.

2

SERP, attached hereto as Exhibit 2, was also established "to provide supplemental retirement benefits for eligible employees." (Ex. 2, Sec. 1.1.)

In 1998, Hilton spun-off its Gaming Division into a separate entity, which, Hilton has been informed, later became known as Caesar's Entertainment Operating Company, Inc. ("Caesars")[3]. (*Id.*, ¶ 13.) Under the terms of the spin-off, Caesars assumed certain liabilities for the benefits under the Replacement Plan and the SERP. (*Id.*, ¶ 14.) From September 2011 to December 2014, Plaintiff received his benefits payments from Caesars, without objection or complaint. (*See id.*, ¶ 19.) On January 15, 2015, Caesars filed for bankruptcy, and Plaintiff has not received benefits payments from Caesars since that time. (*Id.*, ¶¶ 21-22.)

Plaintiff's Complaint states that Plaintiff "made several demands for payment of the Monthly Payments to Hilton" and that Hilton "failed to resume payment." (Compl., ¶¶ 23-24.) One of these "demands" referenced in Plaintiff's Complaint was a claim for benefits under the Plans.[4] (*See* Exhibit 3.) The Complaint includes three causes of action, presumably under state law, including a request for a declaratory judgment (Count I) and specific performance (Count II), as well as a claim for breach of contract (Count III).

---

[3] This statement is not intended to be used in any other context and is not intended to be an admission that Caesars is the sole successor in interest of Park Place Entertainment Corporation.

[4] Plaintiff began the formal administrative review process with this claim letter, dated February 1, 2015. Plaintiff's initial claim was denied, and Plaintiff has 60 days from the date that he, through his counsel, receives the denial letter to file an administrative appeal which, as discussed herein, is a condition precedent under the Retirement Plan to a claimant being able to pursue his claim for benefits in court.

3

### III. LEGAL ARGUMENT AND AUTHORITY

#### A. Standard of Review for a Motion to Dismiss

"Federal Rule of Civil Procedure 12(b)(6) enables a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted." *Defined Space, Inc. v. Lakeshore East, LLC*, 797 F. Supp. 2d 896, 898 (N.D. Ill. 2011). "When considering a Rule 12(b)(6) motion to dismiss, "the court must 'tak[e] all well-pleaded allegations of the complaint as true and view[ ] them in the light most favorable to the plaintiff.'" *Id.* (quoting *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)). "Although 'detailed factual allegations' are not necessary, 'a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Rather, the plaintiff must provide enough factual allegations to state a claim for relief that is not only conceivable, but 'plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Court is permitted to review the substantive terms of the Replacement Plan document and the SERP document (attached hereto as Exhibit 1 and Exhibit 2) when considering Defendant's Motion to Dismiss because these documents are referenced in

4

Plaintiff's Complaint and are central to the claims asserted in Plaintiff's Complaint.[5] *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); *Wheeler v. Pension Value Plan for Employees of Boeing Co.*, No. 06-CV-500-DRH, 2007 WL 781908, at *1, n.1 (S.D. Ill. Mar. 13, 2007) (Herndon, J.) (citing *LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)). Similarly, the Court can consider Plaintiff's claim at the first level of administrative review because, in the Complaint, Plaintiff specifically references this "demand" to Hilton. (*See* Compl., ¶ 23; see also Ex. 3.)

### B. The Replacement Plan And The SERP Are ERISA-Governed Pension Plans.

ERISA defines the term "employee pension benefit plan" and "pension plan" to include:

> [a]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program—
>
> > (i) provides retirement income to employees, or
> >
> > (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond,
>
> regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

---

[5] This Court may also consider the Retirement Plan (attached hereto as Exhibit 4) because the Replacement Plan specifically refers to and incorporates portions of the Retirement Plan.

ADMIN/21380536v2

29 U.S.C. § 1002(2)(A). The Replacement Plan and the SERP are pension plans as defined by ERISA because they are plans established by an employer that provide retirement income.

While the Replacement Plan and the SERP may be exempt from Parts 2 and 4 of Title I of ERISA as "top hat" plans, they remain subject to the other Parts of Title I, including the civil enforcement provision. *See, e.g.*, 29 U.S.C. § 1051(2). "Top hat plans are a special category of benefit plans created under ERISA to provide benefits to a small, select group of high-level employees." *Hay Grp., Inc. v. Bassick*, 571 F. Supp. 2d 845, 848 (N.D. Ill. 2008) (citing 29 U.S.C. §§ 1051(2), 1081(a)(3), and 1101(a)(1)). These plans are exempt from certain of ERISA's provisions (such as the vesting, funding, and fiduciary requirements), but they are subject to ERISA's enforcement provisions. *See Olander v. Bucyrus-Erie Co.*, 187 F.3d 599, 604 (7th Cir. 1999) (noting that a top hat plan "is subject to ERISA's enforcement provisions even if it is excepted from ERISA's vesting, participation, funding, and fiduciary rules"); *Koenig v. Waste Mgmt., Inc.*, 76 F. Supp. 2d 908, 913-14 (N.D. Ill. 1999) (citing *In re New Valley Corp.*, 89 F.3d 143, 148-49 (3d Cir. 1996); *Kemmerer v. ICI Americas, Inc.*, 70 F.3d 281, 286–87 (3d Cir. 1995)).

### C. Plaintiff's State Law Claims Are Preempted By ERISA.

As noted above, Plaintiff appears to be pursuing state law claims for a declaratory judgment (Count I), specific performance (Count II) and breach of contract (Count III), regarding the benefits that he claims he is owed from the Replacement Plan and the SERP. ERISA preempts all state laws which "relate to any employee benefit plan." 29 U.S.C. § 1144(a). A state law "relates to" a benefit plan if it has "a connection with or reference to" such a plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983); *see also*

6

ADMIN/21380536v2

*Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985)). The United States Supreme Court has repeatedly observed that ERISA's preemption provision is "conspicuous for its breadth," that its language is "deliberately expansive," and that the words "relate to" are used in their "broad sense." *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987). Thus, a state law may "relate to" a benefit plan and be preempted even if the law is not specifically designed to affect such plans, or the effect is only indirect. *Dedeaux*, 481 U.S. at 47-48; *McClendon*, 498 U.S. at 139.

In *Dedeaux* itself, the plaintiff sued for "tortious breach of contract," breach of fiduciary duties, and fraud in the inducement based on the plan's alleged failure to provide disability benefits under an insurance policy purchased in connection with a long term disability insurance plan established by his employer. *Id.* at 43. The Supreme Court held, "There is no dispute that the common law causes of action asserted in Dedeaux's complaint 'relate to' an employee benefit plan and therefore fall under ERISA's express pre-emption clause, § 514(a)." *Id.* at 47.

There can be no dispute that Plaintiff's state law claims "relate to" the Replacement Plana and the SERP. Plaintiff is seeking payment of benefits under these pension plans. As the Supreme Court noted in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004), "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Thus, Plaintiff's state law claims in the Complaint should be dismissed because they are preempted by ERISA.

### D. Plaintiff's Complaint Should Be Dismissed Due To Plaintiff's Failure To Exhaust Administrative Remedies Under ERISA.

7

ADMIN/21380536v2

The Seventh Circuit has long recognized the strong federal policy to require an ERISA claimant to exhaust the administrative review process before filing a lawsuit. *See, e.g., Powell v. A.T. & T. Communications, Inc.*, 938 F.2d 823, 925 (7th Cir. 1991); *Kross v. Western Electric Co.*, 701 F.2d 1238, 1244 (7th Cir. 1983). The exhaustion requirement enables plan fiduciaries to efficiently manage their funds, correct their errors, interpret plan provisions, and assemble a factual record which will assist a court in reviewing the fiduciaries' actions. *Powell*, 938 F.2d at 826; *Kross*, 701 F.2d at 1244-45. "[F]or ERISA actions, a district court may address failure to exhaust by evaluating the pleadings." *OSF Healthcare Sys. v. EMCG LLC Employee Ben. Plan,* No. 13-CV-1146, 2013 WL 3864351, at *2 (C.D. Ill. July 25, 2013) (citing *Shine v. Univ. of Chicago*, No. 12 C 8182, 2013 WL 1290206, *4 (N.D. Ill. Mar.28, 2013)). "Courts may dismiss ERISA claims for failure to exhaust internal plan remedies." *Gupta v. Freixenet, USA, Inc.*, 908 F. Supp. 557, 565 (N.D. Ill. 1995) (dismissing ERISA claim on motion to dismiss where the plaintiff did not plead facts showing exhaustion, nor did he plead facts showing that this case falls within an exception to exhaustion requirements).

The Replacement Plan document, as amended and restated effective June 14, 1989, is administered "by the committee responsible for administration of the [R]etirement [P]lan" and provides the Committee with the "same powers, rights, duties and obligations" with the respect to the Replacement Plan as it has with respect to the Retirement Plan. (Ex. 1, Replacement Plan, Section 1.4.) As such, the Replacement Plan refers to and incorporates the appeals procedures for the Retirement Plan. A copy of the current plan document (including amendments) is attached hereto as Exhibit 4. Section 7.1 of the Retirement Plan requires that:

8

ADMIN/21380536v2

> All inquiries concerning the Plan or present or future benefits under the Plan and all applications for benefits under the Plan shall be submitted to the Administrative Committee or its authorized delegate in the form and manner prescribed by the Administrative Committee. The Administrative Committee shall have the discretionary authority to grant or deny benefits under the Plan. Benefits under the Plan will be paid only if the Administrative Committee decides in its discretion that the applicant is entitled to them.

(Ex. 4, Retirement Plan, Sec. 7.1.) In the event a claim is denied, in whole or in part, the Administrative Committee notifies the claimant in writing, and the claimant may appeal from the denial by submitting a request in writing to the Administrative Committee within sixty (60) days of receiving the written notice of the denial from the Administrative Committee. (*Id.*, Sec. 7.2, Sec. 7.3(b).) Pursuant to Section 7.4 of the Retirement Plan, a participant must exhaust administrative remedies by appealing a denial of a claim to the Administrative Committee, before the participant can pursue a legal action for the benefits. (*Id.*)

Here, Plaintiff has alleged that he began the administrative review process. (*See* Compl., ¶¶ 23-24 ("[Plaintiff] has made several demands for payment of the Monthly Payments to Hilton. To date, Hilton has failed to resume payment of the Monthly Payments to [Plaintiff].") Plaintiff has not adequately alleged exhaustion of his administrative remedies.[6] At best, he asserts that he made a claim for the benefits, but he has not articulated that the claim was denied (although it was) or that he underwent the mandatory administrative appeal process (he has not), before filing his lawsuit. Accordingly, Plaintiff's Complaint should be dismissed for failure to exhaust administrative remedies.

---

[6] Nor could he truthfully allege that he exhausted his remedies because he has not appealed the initial denial.

9

### E. Plaintiff's Complaint Should Be Dismissed Because A Suit To Recover Benefits Is Properly Brought Only Against The Plan Itself.

The Seventh Circuit "continually ha[s] noted that 'ERISA permits suits to recover benefits *only* against the Plan as an entity.'" *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 872 n.4 (7th Cir. 2001) (emphasis added) (quoting *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996)); *see also Feinberg v. RM Acquisition, LLC*, 629 F.3d 671, 673 (7th Cir. 2011) ("To sue the administrator for plan benefits is like suing a corporation's CEO to collect a corporate debt.") "This general rule applies equally when the plan at issue is an unfunded top hat plan." *Berg v. BCS Fin. Corp.*, 372 F. Supp. 2d 1080, 1089 (N.D. Ill. 2005) (citing *Garratt v. Knowles*, 245 F.3d 941, 949 (7th Cir. 2001) (suit to recover benefits under unfunded top hat plan should be brought against only the plan)); *see also Eidmann ex rel. Estate of Eidmann v. Unum Life Ins. Co. of Am.*, No. 05 C 2183, 2005 WL 2304801, at *2 (N.D. Ill. Sept. 20, 2005) ("However, even unfunded top-hat plans are subject to the general rule that the Plan is generally the only proper party to a suit for ERISA benefits.")

In *Garratt*, the Seventh Circuit upheld the district court's decision to dismiss a complaint seeking payment of benefits under an ERISA-governed top hat plan, where the plaintiff failed to name the plan as the defendant. Having found that the SERP in that case was a top hat plan subject to ERISA, the Seventh Circuit found that "the resolution of this matter becomes patent." *Id.* at 948-49. The Seventh Circuit found that the plaintiff "cannot escape the rule, clearly articulated in *Jass*, that "ERISA permits suits to recover benefits *only against a Plan as an entity*." *Id.* at 949 (citing *Jass*, 88 F.3d at 1490 (emphasis added)). As such, the Seventh Circuit concluded that the district court correctly

dismissed the complaint, leaving open to him the option of bringing suit against the SERP as an entity. *Garratt*, 245 F.3d at 949.

Here, Plaintiff's Complaint provides no basis that would allow Plaintiff to evade the general rule that only the Plan itself is a proper party to a claim for ERISA-governed benefits – a rule that the Seventh Circuit and the District Courts within the Seventh Circuit routinely apply to dismiss claims against non-plan entities. In keeping with this well-established principle, Plaintiff's Complaint should be dismissed.

### F. Plaintiff Has Not Asserted A Viable Claim For Relief Against Hilton Worldwide Holdings, Inc.

Alternatively, even if Plaintiff is allowed to evade the general rule that the only proper party to a claim for ERISA benefits is the Plan itself, Plaintiff's Complaint fails to state a claim as to Hilton Worldwide Holdings, Inc., the sole Defendant named in the Complaint. Here, Plaintiff claims that he is entitled to benefits under the Replacement Plan and the SERP, and the Plan documents for the Replacement Plan and the SERP reference Hilton Hotels Corporation, not Hilton Worldwide Holdings, Inc. (See Ex. 1, p. 1; Ex. 2, p. 1.) Thus, Hilton Worldwide Holdings, Inc. is not a proper party and should be dismissed.

### IV. CONCLUSION

Defendant requests that the Court dismiss Plaintiff's Complaint because Plaintiff's state law claims are preempted by ERISA, and Plaintiff has failed to exhaust administrative remedies under ERISA, prior to initiating this lawsuit. Plaintiff's Complaint should also be dismissed because ERISA permits suits to recover benefits only against a Plan as an entity, and Plaintiff has failed to name the Plans as defendants to this action. Further, Hilton Worldwide Holdings, Inc. is not a proper party.

Respectfully submitted this 26th day of August, 2015.

/s/ *Richard J. Pautler*
Richard J. Pautler
Thompson Coburn LLP
One US Bank Plaza
St. Louis, Missouri 63101
Phone: 314.552.6470
Fax: 314.552.7470
rpautler@thompsoncoburn.com

*Counsel for Defendant*

ADMIN/21380536v2

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** was filed using the CM/ECF system, which will automatically provide notice to the following attorney of record by electronic means:

Thomas Q. Keefe, Jr.
Keefe & Keefe, P.C.
6 Executive Woods Court
Belleville, IL 62226-2085

Thomas M. Carney
Marshall C. Turner
Husch Blackwell LLP
190 Carondelet Plaza, Ste. 600
St. Louis, Missouri 63105

/s/ *Richard J. Pautler*
Richard J. Pautler

ADMIN/21380536v2